*665 EMILIO M. GARZA, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority opinion except with respect to the denial of qualified immunity to Detective Brumley.
In Michalik v. Hermann, 422 F.3d 252 (5th Cir.2005), this court held, “[Liability under Malley may lie not only against the affiant, but also against ... an officer who actually prepares the warrant application with knowledge that a warrant would be based solely on the document prepared .... We are unwilling, however, to extend such liability ... beyond the affiant and person who actually prepared, or was fully responsible for the preparation of, the warrant application.” Id. at 261. In so holding, the Michalik court was interpreting a prior case, Bennett v. Grand Prairie, 883 F.2d 400 (5th Cir.1989), where the lead investigating officer prepared the warrant application and knew that the application would be limited to what he prepared but was not the affiant. The affiant served only a perfunctory role in signing and presenting the warrant application but was not otherwise involved in the investigation.
According to this precedent, for Detective Brumley or any officer to face Malley liability he must either 1) be an affiant or 2) have prepared the warrant application with knowledge that a warrant would be based solely on the document he prepared. Even reading the record in favor of Ms. Spencer, I can find no record evidence indicating that Detective Brumley falls intd either category. The record reveals that Detectives Brumley and Staton jointly investigated the crime. They together spoke with the prosecutor about probable cause prior to seeking the arrest warrant. The warrant affidavit was not typed by Detective Brumley, and no further evidence was developed as to who prepared the affidavit. Detective Brumley accompanied Detective Staton to the banquet Judge Beasley was attending, but Detective Brumley did not accompany Detective Staton for the actual presentation of the warrant application to Judge Beasley.. It is unclear where Detective Brumley was during the presentation, but Judge Beasley is explicit about the fact that Detective Staton was alone when he presented the warrant application, including the warrant affidavit and any additional oral submission of the evidence. There is nothing contradicting Judge Beasley’s testimony and Ms. Spencer does not allege otherwise.
Based on this record evidence, it is clear that Detective Brumley, unlike Detective Staton, was not an affiant. He neither signed the warrant affidavit nor made any oral submissions of evidence to Judge Beasley. There is also no evidence that Detective Brumley prepared the warrant application, and any involvement he may reasonably have had, as the co-lead investigator, does not meet the standard for non-affiant liability contemplated in Mi-chalik, namely “an officer who actually prepares the warrant application with knowledge that a warrant would be based solely on the document prepared.” Michalik, 422 F.3d at 261. The Michalik court was explicit in denying liability to those officers who investigated the crime but for whom the plaintiffs could not establish any facts tying them to the preparation or presentation of the warrant application. Id. Narrowly applying Malley liability to non-affiants makes sense exactly for cases such as this one, where a facially deficient warrant application may or may not have been additionally supported by oral submissions of the presenting officer, Detective Staton — submissions made outside of the presence of Detective Brumley.
I believe the majority opinion places too heavy a burden on Detective Brumley, denying him immunity where Ms. Spencer *666 has not alleged any facts which would expose him to Malley liability and where the record reveals no such facts. “Where a defendant pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, the plaintiff then has the burden ‘to rebut this defense by establishing that the official’s allegedly wrongful conduct violated clearly established law.’ ” Felton v. Polles, 315 F.3d 470, 477 (5th Cir.2002) (emphasis in original). Because Ms. Spencer has not met this burden with respect to Detective Brumley, I would affirm the district court’s grant of qualified immunity.